Case 5:18-cv-00193   Document 46   Filed on 12/06/19 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 06, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **FRANK H MCKINNIS III,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:18-CV-193 |
| | § | |
| **THE HONORABLE KIRSTJEN M. NIELSEN**, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On December 26, 2018, Plaintiff Frank H. McKinnis, III, brought suit against Defendants Department of Homeland Security (DHS) and the Equal Employment Opportunity Commission (EEOC). (Dkt. 1.) Plaintiff's complaint stated five causes of action: (1) a claim against DHS for violations of the Civil Rights Act of 1964; (2) a claim against DHS for violating the Age Discrimination in Employment Act of 1967 ("ADEA"); (3) a claim against the EEOC for failing to timely respond to Plaintiff's Freedom of Information Act (FOIA) request; (4) a claim against the EEOC for withholding records and (5) an Administrative Procedure Act (APA) claim against the EEOC. (Dkt. 1 at 9–11.) The Court dismissed Plaintiff's FOIA and APA claims on November 4, 2019. (Dkt. 34.) Following the Court's dismissal, Plaintiff and Defendants filed a purported "Stipulation of Dismissal" under Rule 41(a)(1)(A)(ii), which asks the Court to dismiss with prejudice "all claims against all [Parties] EXCEPT FOR Plaintiff's claim under the Administrative Procedures [sic] Act." (Dkt. 45 at 1 (capitalization in original).). This stipulation (Dkt. 45) is now before the Court.

At the outset, the Court notes that Rule 41(a)(1)(A) permits parties to dismiss "an action," not individual claims. *See Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302, n.2 (5th Cir.

1978) (explaining that "Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action . . . is more appropriately considered to be an amendment to the complaint under Rule 15 [of the Federal Rules of Civil Procedure]"). Accordingly, the Parties' stipulation fails to satisfy the requirements of Rule 41(a)(1)(A)(ii), and the Court cannot construe it as a self-effectuating joint-stipulation of dismissal. *See Perry v. Schumacher Grp. of La. Corp.*, 891 F.3d 954, 955 (11th Cir. 2018) (holding that Rule 41(a) may not be used to dismiss individual claims). The Court therefore retains jurisdiction to issue orders in this case. *Id.*

Nonetheless, the Court finds that Plaintiff's intention to dismiss his non-APA claims is clear. (Dkt. 45 at 1; *see also* Minute Entry of November 19, 2019 ("Plaintiff announced and stipulated that he is dismissing all claims against all defendants…except his claims against the EEOC under the Administrative Procedure Act").) In light of Plaintiff's *pro se* status, the Court will therefore "liberally construe" the Parties' joint stipulation as Plaintiff's unopposed motion to amend his complaint (Dkt. 1) under Federal Rule of Civil Procedure 15(a)(2). *See Occidental Petroleum*, 577 F.2d at 302, n.2 (construing Rule 41(a) motion as Rule 15(a) motion); *see generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (discussing *pro se* pleading standards). Additionally, the Court will "liberally construe" Defendants' written assent to the ineffective 41(a) stipulation as "written consent" to the amendment under Rule 15(a)(2).[1]

For the foregoing reasons, the Court finds that (1) the Parties' stipulation (Dkt. 45) is not effective under Rule 41(a); (2) the Parties' stipulation qualifies as an unopposed motion for leave to amend under Rule 15(a)(2); (3) Defendants have consented to the Rule 15(a)(2) amendment; and (4) Plaintiff's unopposed motion for leave to amend (Dkt. 45) should be granted. Accordingly, Plaintiff's remaining Civil Rights Act and ADEA claims are hereby DISMISSED

---

[1] In the alternative, the Court grants Plaintiff leave to file his unopposed motion. *See* Fed. R. Civ. P. 15(a)(2).

with PREJUDICE.[2] Additionally, the Court ADVISES the Parties that Plaintiff's request to preserve his APA claim is moot in light of the Court's November 4, 2019 Order (Dkt. 34), which dismissed Plaintiff's FOIA and APA claims.

Because there remains nothing for the Court to decide, the Clerk of Court is hereby DIRECTED to TERMINATE this case.

IT IS SO ORDERED.

SIGNED this 6th day of December, 2019.

Diana Saldaña
United States District Judge

---

[2] The Court notes that dismissals via Rule 15(a) amendment are typically without prejudice. *See In Re Legal Xtranet, Inc.*, 2011 WL 3652756, at * 8 (Bankr. W.D. Tex. Aug. 19, 2011). Nonetheless, because Rule 15(a) and Rule 41(a) motions "have essentially the same effect," many courts treat motions under the two rules identically. *Id.*; *see Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 688 (9th Cir. 2005) (finding "no reason to make a distinction" between dismissals under Rule 15(a) and those under Rule 41(a)); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004) (same); *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000) (same). In light of these precedents—and the Parties' obvious preference for a Rule 41(a) dismissal with prejudice—the Court will allow the Parties to stipulate to a dismissal with prejudice using Rule 15(a). *See Klay*, 376 F.3d at 1107 (noting that "*Unless the Plaintiff's* motion . . . *stipulates otherwise*, the proper way to dismiss a claim dropped through a Rule 15(a) amendment is without prejudice" (emphasis added)).